SCOTT N. SCHOOLS (SC 9990)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6959
FAX: (415) 436-6753
Email: william.frentzen@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MAURICE BIBBS, and<br>DEANDRE WATSON,<br><br>  Defendants. | No. CR 07-0336 WHA (BZ)<br><br>**UNITED STATES' RESPONSE TO DEFENDANTS BIBBS' PRE-DETENTION HEARING MEMORANDUM** |

INTRODUCTION

Defendant Bibbs is scheduled for a detention hearing on June 7, 2007. In advance of this hearing, defendant has filed a lengthy memorandum objecting to the government proceeding by proffer at the detention hearing. Because the caselaw makes clear that both parties may proceed by proffer at a detention hearing, the United States opposes defendant's baseless effort to convert the detention hearing into a full-blown evidentiary hearing.

ARGUMENT

I.    The United States is Entitled to Proceed By Proffer at the Detention Hearing.

UNITED STATES' RESPONSE TO PRE-DETENTION HEARING MEMORANDUM    1
No. CR 07-00336 WHA (BZ)

Defendant Bibbs objects to the government's use of proffers at the detention hearing. The governing statute and caselaw, as well as the long-standing practice in this District, are directly to the contrary and make clear that the government may proceed by proffer at a detention hearing.

### A. The Bail Reform Act Provides for the Use of Proffers and Relaxes Evidentiary Requirements at Detention Hearings.

The Bail Reform Act provides that a defendant may, among other things, "present information by proffer or otherwise" at a detention hearing. 18 U.S.C. § 3142(f). The Act also greatly relaxes evidentiary requirements at detention hearings, providing that "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." *Id.* Quoting a D.C. Circuit case, defendant notes that while the Act explicitly allows a defendant to proceed by proffer at a detention hearing, "the Act is 'silent upon the question whether the Government may do so." Def. Memo. at 3 (quoting *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996)). But defendant fails to note the *Smith* court's response to this statutory silence. Not only did the D.C. Circuit hold in *Smith* that the government may present evidence by proffer at a detention hearing: it also noted that "[e]very circuit to have considered the matter ... has ... permitted the Government to proceed by proffer" at a detention hearing. *Smith*, 79 F.3d at 1210.

The Ninth Circuit is one of the circuits that has considered the matter. In *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986), that court held squarely that "the government may proceed in a detention hearing by proffer or hearsay." The Ninth Circuit also held that "[t]he accused has no right to cross-examine adverse witnesses who have not been called to testify" at a detention hearing. *Id.* Thus, it is settled law in this circuit – and has been settled law for over 20 years – that the government may proceed by proffer and that a defendant has no right to cross-examine witnesses who do not testify at a detention hearing.

### B. The Fifth and Sixth Amendments Present No Bar to Proceeding by Proffer.

Defendant attempts to unsettle this settled law by arguing that the Fifth and Sixth Amendments bar the use of proffers by the government at a detention hearing. Defendant's Fifth

Amendment argument is easily disposed of, since the Ninth Circuit in *Winsor* rejected Winsor's argument "that due process requires a defendant in a pretrial detention hearing be afforded rights of confrontation and cross-examination." *Id.* In other words, the Ninth Circuit has long established that there is no general Fifth Amendment right to cross-examine witnesses or to bar the government from proceeding by proffer at a detention hearing.[1] Moreover, defendant has failed to present any adequate, specific-to-this-case factual basis for mandating that government witnesses testify and be cross-examined at the detention hearing in this specific case.

Defendant's argument under the Sixth Amendment has no more merit than his argument under the Fifth. Defendant claims that under *Crawford v. Washington*, 541 U.S. 36 (2004), the Sixth Amendment's Confrontation Clause bars the use of proffers and hearsay evidence at a detention hearing. But magistrate judges of this court have repeatedly rejected this very same argument. For example, Judge Laporte and Judge Chen both held last year that there is no Sixth Amendment right to cross-examine witnesses at a detention hearing, since detention proceedings are regulatory rather than penal. *United States v. Henderson*, No. CR 05-0609 JSW (May 31, 2006) (attached as Exhibit A); *United States v. Wade*, No. CR 06-0287 MHP (July 19, 2006) (attached as Exhibit B). *See also United States v. Salerno*, 481 U.S. 739, 746 (1987) ("pretrial detention under the Bail Reform Act is regulatory, not penal"). As such, the right to confrontation does not apply. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) (Sixth Amendment's "right to confrontation is a <u>trial</u> right") (emphasis in original);[2] *United States v.*

---

[1] *United States v. Hall*, 419 F.3d 980 (9th Cir. 2005), and *United States v. Comito*, 177 F.3d 1116 (9th Cir. 1999), on which defendant relies, are not relevant here because they do not address pretrial detention hearings and instead deal with supervised release revocation hearings. The distinction is important, since (as we describe below) detention hearings are purely regulatory proceedings. Supervised revocation hearings are not and instead have a penal nature. Even if *Hall* and *Comito* were relevant here, they would conflict directly with *Winsor*'s square holding that the government is entitled to proceed by proffer and hearsay at a detention hearing. To the extent defendant seeks to have *Winsor* overruled based on *Hall*, *Comito*, or any other case, that is a request properly addressed to the Ninth Circuit, not this Court.

[2] Defendant attempts to distinguish *Ritchie* by arguing that *Ritchie* "did not address the question of whether the defendant has a right to cross-examine adverse witnesses in pretrial hearings." Def. Memo. at 6 n.2. But the same is true for *Crawford*, the case on which defendant

1  *Littlesun*, 444 F.3d 1196, 1199 (9th Cir. 2006) ("*Crawford* speaks to **trial** testimony") (emphasis
2  added).[3] The D.C. Circuit has specifically rejected the argument that permitting the government
3  to proceed by proffer at a detention hearing violates a defendant's "right under the Sixth
4  Amendment to confront his accusers." *Smith*, 79 F.3d at 1210. The Ninth Circuit's decision in
5  *Winsor* also undercuts defendant's Sixth Amendment argument. While the *Winsor* court did not
6  reference the Sixth Amendment directly, apparently because the defendant there failed to argue
7  under the Sixth Amendment, the Ninth Circuit did reject Winsor's arguments that allowing the
8  government to proceed in a detention hearing by proffer or hearsay violated his "rights of
9  confrontation and cross-examination." *Winsor*, 785 F.2d at 756.

    C.  <u>The Court Should Not Order Production of Witnesses as a Matter of Discretion.</u>

11  Defendant Bibbs argues that even if the government generally is permitted to offer
12  evidence by proffer at a detention hearing, the Court nevertheless should exercise discretion to
13  require the United States to produce witnesses at the detention hearing here. Def. Memo. at 16.
14  Defendant offers no specific basis for why this Court should take this extraordinary step of
15  ordering a full-blown evidentiary hearing, other than to note that "this is a serious case ... ." *Id.*
16  In other words, without presenting any specific factual basis defendant asks this Court to
17  override the rule established by the Ninth Circuit in *Winsor* that "the government may proceed in
18  a detention hearing by proffer or hearsay." *Winsor*, 785 F.2d at 756. There is no basis for such
19  an action.
20  In fact, this is a case in which any need for a proffer by the government is more lacking
21  than most. First, defendants were charged initially in this case by way of Complaint and Warrant
22  which Magistrate Judge Vadas issued upon his finding of probable cause that they had

---

seeks to rely.

[3]    There are at least two problems with defendant's efforts to rely on *United States v. Abuhamra*, 389 F.3d 309 (2d Cir. 2004), for his Sixth Amendment arguments. First, *Abuhamra* addresses the Sixth Amendment's right to public trial, not its right to confrontation. Second, the *Abuhamra* court noted that "the presentation of evidence at bail hearings may be more informal than at probable cause and suppression hearings" and made no suggestion that there is a constitutional problem with that "informal" presentation of evidence. *Id.* at 323-24.

UNITED STATES' RESPONSE TO PRE-DETENTION HEARING MEMORANDUM           4
No. CR 07-00336 WHA (BZ)

committed a carjacking.  Second, following the Magistrate's finding, a Grand Jury issued an Indictment which demonstrated that it had made a finding of probable cause that the defendants had committed the offenses of carjacking, 18 U.S.C. § 2119, and using, carrying, possessing and brandishing a firearm in connection with a crime of violence, 18 U.S.C. § 924(c)(1), and also that defendant Bibbs had committed the offense of tampering with a witness, 18 U.S.C. § 1512(b)(1).  Third, the Grand Jury's finding that the defendants had violated 18 U.S.C. § 924(c)(1) carries with it a presumption in favor of detention.  18 U.S.C. § 3142(e).  Therefore, the burden of production at the detention hearing rests firmly upon the defendants.[4]  The government has no burden of production unless defendants can make some showing adequate to rebut this presumption.  Fourth, this is a case in which the State court saw fit to detain the defendants since their arrests on March 15, 2007.  Finally, this is also a case which involves threats to witnesses as demonstrated by the Grand Jury's Indictment.  Given all of these considerations, this is a particularly poor example of a case where the Court should ignore the law and order a pretrial mini-trial.

CONCLUSION

For the foregoing reasons, the United States respectfully asks the Court to follow the Ninth Circuit's decision in *Winsor* and permit the government to proceed by proffer at the detention hearing.

DATED: June 5, 2007                                    Respectfully submitted,

                                                       SCOTT N. SCHOOLS
                                                       United States Attorney


                                                       _____/s/_____
                                                       William Frentzen
                                                       Assistant United States Attorney

---

[4] Because of the offenses charged, defendant Bibbs' contention that "[t]he Government bears the burden of proving that the defendant is a flight risk by a preponderance of the evidence and danger by clear and convincing evidence," Def. Memo. at 16, is simply inaccurate.