UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff(s),          )    No. CR07-00336 WHA (BZ)
                                 )
     v.                          )    **DETENTION ORDER**
                                 )
DEANDRE WATSON                   )
                                 )
          Defendant.             )
_____  )

On June 7, 2007, I heard the government's motion to detain Deandre Watson. Defendant was present and represented by Scott Sugarman. Assistant United States Attorney William Frentzen appeared for the United States.

Pretrial Services submitted a report that recommended detention. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Having considered the parties' proffers and the Pretrial Services Report, I find that the government has met its burden of showing by a preponderous of the evidence that defendant is a flight risk and of showing by clear and convincing evidence that the defendant is a danger to the community, and that no conditions of release will reasonably assure the safety of the community.

In so finding, I have considered the following factors:

1.  Given on of the charges defendant faces, violation of 18 U.S.C. 924(c)(1), it is presumed, subject to rebuttal, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 U.S.C. §§ 3142(e) & (g)(1). Although defendant may have dispelled the presumption of risk of flight, he has failed to dispel the presumption that he is a danger to the community.

2.  The defendant faces a substantial sentence if convicted.  One offense carries a mandatory 7 year minimum sentence to be served consecutive to any sentence for other offenses.  The substantial sentence for the instant charges gives defendant some incentive to flee.

3.  The defendant's ties to the community are mixed. He has no employment history, though he is only 18 years old, and his educational record is not good.  However, he does have family in the Bay Area and they are willing to sign a bond. If the risk of flight was the only factor in this case, I would likely be willing to release defendant, on the bond his counsel proposed.

4.  The defendant's history reveals multiple arrests as a juvenile offender, starting at age 11, for which the dispositions are largely unknown.  However, he has spent time at one or more group homes.  These arrests were often for conduct involving a weapon.

5.  The defendant is currently facing state charges for carrying a concealed and loaded weapon.  Additionally, a weapon was recovered in defendant's room during a search of

1    his mother's residence by the San Francisco Police Department.

2        6. Although the facts of this case are the least

3    important factor, the instant charges involve the use of a

4    firearm, and the evidence that defendant committed some crime

5    is strong.

6        7. Although defendant did proffer conditions of

7    release that might reasonably assure me that defendant will

8    appear before this court, defendant did not proffer any

9    conditions of release, nor have any occurred to the court,

10   that would reasonably assure the defendant will not present a

11   risk of danger to other persons and the community.

12       Therefore, **IT IS HEREBY ORDERED** that:

13       1. The defendant be committed to the custody of the

14   Attorney General for confinement in a corrections facility

15   separate, to the extent practicable, from persons awaiting or

16   serving sentences or being held in custody pending appeal;

17       2. The defendant be afforded reasonable opportunity

18   for private consultation with counsel;

19       3.  On order of a court of the United States or on

20   request of an attorney for the Government, the person in

21   charge of the corrections facility in which defendant is

22   confined shall deliver defendants to a United States Marshal

23   for the purpose of an appearance in connection with a court

24   proceeding.

25   Dated: June 12, 2007

26                              Bernard Zimmerman
                          United States Magistrate Judge

27

28   G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2007\BIBBS & WATSON\WATSON.wpd

3