SCOTT N. SCHOOLS (SC 9990)
United States Attorney

W. DOUGLAS SPRAGUE (CSBN 202121)
Acting Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6959
FAX: (415) 436-6753
Email: william.frentzen@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>    Plaintiff,             )<br>                              )<br>    v.                        )<br>                              )<br>MAURICE BIBBS, and            )<br>DEANDRE WATSON,               )<br>                              )<br>    Defendants.           )  | No. CR 07-0336 WHA<br><br>**UNITED STATES' JOINT OPPOSITION TO DEFENDANTS' MOTIONS TO AMEND OR REVOKE DETENTION ORDERS** |

**INTRODUCTION**

The facts of this case are simple. On March 14, 2007, the victim – a woman who was seven months pregnant at the time – was walking away from her vehicle, a rental car. As she was walking from the car to speak with another individual, she passed the defendants. She then looked back and saw them entering her vehicle. The victim turned to retain possession of her car when defendant Bibbs pulled a firearm which appeared black and pointed it at her. The victim audibly heard a click from the firearm, consistent with a firearm which has misfired or jammed. The defendants fled in the vehicle, with defendant Watson driving. The police were summoned

to the scene. Approximately 45 minutes later, SFPD observed the vehicle again and stopped it. Inside were four occupants, including the defendants. The victim positively identified Bibbs and Watson as the two carjackers and stated that the other two individuals were not present. In the car, under the passenger seat, was a chrome and black firearm which had one round lodged in the chamber, consistent with a firearm which had misfired. After Bibbs and Watson were incarcerated, defendant Maurice Bibbs called the victim on a three-way phone call from the San Francisco County Jail, identified himself as "Mo" and as the person in jail on the victim's charges and threatened the victim from testifying at any court proceedings. During the course of the conversation, defendant Bibbs admitted that he had committed the carjacking. That conversation was recorded. After committing an armed carjacking on a pregnant woman, attempting to shoot her, and then threatening her, defendants seek to be released back onto the streets.

Defendants had detention hearings before the Honorable United States Magistrate Judge Bernard Zimmerman on June 7, 2007. In advance of the hearings, defendants filed lengthy memoranda objecting to the government proceeding by proffer at the detention hearing. The Magistrate ruled preliminarily that he would permit an opportunity for some testimony at the hearing but only if there were material facts sufficiently in dispute. *United States v. Bibbs*, No. CR-07-336 (WHA) (N.D. Cal. 2007), Doc. 10. Following hearings which required approximately two hours of argument and proffer by all counsel, the Magistrate issued three rulings. First, it held that there were no material facts in dispute which would require the hearing of testimony. *Bibbs*, Doc. 13. Second, he held that defendant Bibbs should be detained and subsequently issued a written order of detention, primarily relying upon the history and characteristics of the defendant. *Bibbs*, Doc. 15. Third, he held that defendant Watson should be detained and subsequently issued a written order, primarily relying upon the history and characteristics of the defendant. *Bibbs*, Doc. 16. With respect to both defendants, Magistrate Zimmerman found a rebuttable presumption in favor of detention pursuant to 18 U.S.C. § 3142(f)(1). Both defendants now argue that this Court should reverse the Magistrate with respect to the orders of detention and, in so doing, should require the presentation of testimony.

Defendants' motions should be denied as the Court may make its own conclusion as to the obvious appropriateness of the detention orders on the record which was made before the Magistrate and, further, because defendants continue to fail to raise any issue which should require the presentation of testimony.

**ARGUMENT**

I.   This Court Conducts a De Novo Review of the Findings of the Magistrate but May Conduct that Review on the Record Made Before the Magistrate

A.   Standard of Review for this Court

Review of a detention order is conducted pursuant to 18 U.S.C. § 3145(b).  That section provides simply that: "[i]f a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.  The motion shall be determined promptly." *Id.*  The statute does not provide for the standard to be employed, nor does it address the appropriateness of reopening the hearing.  Fortunately, the Ninth Circuit has addressed these issues and provided answers.

It is clear, as all parties agreed during the hearing before the Court, that the standard of review to be applied to the findings of a magistrate in these instances is de novo.  *United States v. Koenig*, 912 F,2d 1190 (9th Cir. 1990).  What the Ninth Circuit went on to state, however, is that de novo review does not mean, nor does it require, a re-opening of the factual basis for the Magistrate's decision nor does it mean, or require, that this Court should hold a brand new hearing.  As the Ninth Circuit has explicitly stated:

> [i]t may be too late to restore the original precision to the term "de novo," but we can at least state what we conceive it to mean in the context of a district court's review of a magistrate's detention order.  **Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist**. . . .  It should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference.  If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate.

*Id.* at 1192-93 (emphasis added).  Thus, in this case what is required is for the Court to review

the factual basis laid before the magistrate and only to expand these proceedings for further evidence if the Court feels that the magistrate's basis for its findings was insufficient or lacking. Given the thoroughness of the Magistrate's review and the abundant findings which have been made in this case, no further evidence is necessary.

As a preliminary matter, the defendants do little to challenge the findings of Magistrate Zimmerman regarding the factors which led to his determinations that detention was necessary in this case. Rather, they spend most of their pleadings quibbling with his finding of probable cause and railing about their opportunity to hear from the government's witnesses in this case. This is so despite Magistrate Zimmerman's clear statements in his detention orders that the nature and circumstances of the offenses was the least important factor in his findings. The government believes that defendants spend all this effort on the issue of probable cause because their true intent is an opportunity to have a preliminary mini-trial to preview the government's case. This effort should be denied. The government supports the findings of the Magistrate announced in his orders which, in summary, held that: the charge of 18 U.S.C. §924(c)(1) raises a rebuttable presumption in favor of detention; that neither defendant has rebutted the presumption; that both defendants face substantial sentences, giving them incentive to flee; that defendants have no stable residences nor stable work nor stable educational history; that defendants have substantial juvenile criminal histories; that, upon turning 18 years of age, defendants have immediately developed adult criminal histories; that both defendants were on some form of supervision at the time of the instant offenses; that the offenses involved use of a firearm; that defendant Watson has recently been arrested twice on other charges involving possession of firearms; that defendants are unable to proffer sufficient conditions of release to rebut the presumption. Defendants do not raise new factual issues requiring a hearing.

B.     There Have Been More than Ample Findings of Probable Cause in this Case

This case, more so than most, has had appropriate findings of probable cause which this Court may consider in its analysis as to whether there is probable cause to raise the rebuttable presumption in favor of detention that the defendants committed a crime of violence. *United States v. Chen*, 820 F.Supp. 1205, 1207 (N.D. Cal. 1992). On May 25, 2007, the Honorable

1  United States Magistrate Judge Vadas made a finding of probable cause by issuing a warrant
2  based upon an affidavit submitted by an FBI agent. *Bibbs*, Doc. 1. Subsequently, on May 29,
3  2007, the matter was presented to a Grand Jury which made a finding of probable cause and
4  issued the Indictment. *Bibbs*, Doc. 2. Finally, on June 7, 2007, the matter was presented in an
5  adversarial proceeding during the hearing before Magistrate Zimmerman which lasted
6  approximately two hours, and was followed by a finding of probable cause by that judicial
7  officer. *Bibbs*, Docs. 15 and 16. Additionally, Magistrate Zimmerman determined that
8  defendants had presented no true factual disputes which required further testimony. *Bibbs*, Doc.
9  13. Rather, they simply questioned the factual presentation by the government. Defendants have
10 done no more in their pleadings here. Thus, this Court has before it **three** prior determinations
11 of probable cause to believe that these defendants committed a carjacking and, in so doing,
12 brandished and used a firearm. There is no reason to have an additional proceeding on the issue
13 of probable cause[1]. Otherwise, the government relies on the factual basis presented to
14 Magistrate Zimmerman and the findings in his orders. Defendants' motions boil down to a
15 simple restatement of the arguments they presented below and it is far from sufficient to rebut
16 the presumption in favor of detention.
17     The only factual issue which occurred subsequent to the detention hearings before
18 Magistrate Zimmerman was the accidental release of defendant Bibbs following that hearing[2].

---

[1] The only real factual issue raised in defendants' motions regarding probable cause is the contention that it cannot be a carjacking because the victim was outside of the car at the time of the carjacking. Def. Watson Mot. at 15-16. This ignores the caselaw which provides that a defendant commits a taking "from the person or presence of another" if the property "is so within [the victim's] reach, inspection, observation or control, that he could if not overcome by violence or prevented by fear, retain his possession of it." *United States v. Burns*, 701 F.2d 840, 843 (9th Cir. 1983) (upholding robbery conviction where defendant stole keys and car outside of a building while victim was inside of the building but overcome by fear). The force, violence and intimidation in this case are obvious: brandishing and attempting to fire a firearm at a pregnant woman who is attempting to retain control of her automobile.

[2] Defendant Watson also now alleges that he was accidentally released for a day in March of 2007. Def. Watson Mot. to Amend Detention at 13. This was not raised at the detention hearing in June of 2007. In any event, one day of accidental release is hardly sufficient to outweigh the factors which militate detention and it does not rebut the presumption. The state

Defendant Bibbs alleges that he demonstrated his reliability by not fleeing the jurisdiction following his accidental release by the San Francisco Sheriff's Office. Def. Bibbs' Mot. to Amend Detention, at 2. To the contrary, the government would be prepared to proffer to the Court that, upon his accidental release from custody, defendant Bibbs (1) did not turn himself in to authorities despite his clear understanding that he had been detained and, (2) more importantly, attempted to flee and barricade himself in a room on the day that he was re-apprehended by law enforcement. This sole development outside of the prior lengthy evidentiary detention hearing, therefore, will not weigh in the favor of release for defendant Bibbs. Furthermore, even if the Court were to hear some additional evidence, it should be by way of proffer not by way of testimony, as discussed in the remainder of this motion.

II.     The United States is Entitled to Proceed By Proffer at a Detention Hearing

Defendants objected to the government's use of proffers at the detention hearing. They additionally request an opportunity to have the Court hold a mini-trial on the issue of detention. The governing statute and caselaw, as well as the long-standing practice in this District, are directly to the contrary and make clear that the government may proceed by proffer at a detention hearing.

A.     The Bail Reform Act Provides for the Use of Proffers and Relaxes Evidentiary Requirements at Detention Hearings

The Bail Reform Act provides that a defendant may, among other things, "present information by proffer or otherwise" at a detention hearing. 18 U.S.C. § 3142(f). The Act also greatly relaxes evidentiary requirements at detention hearings, providing that "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." *Id.* The Ninth Circuit is one of the circuits that has considered this matter. In *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986), that court held squarely that "the government may proceed in a detention hearing by proffer or hearsay." The Ninth Circuit also held that "[t]he accused has no right to cross-examine adverse witnesses

---

authorities apparently thought so much of it that they continued to detain the defendants until the federal Indictment was lodged.

who have not been called to testify" at a detention hearing. *Id.* Thus, it is settled law in this circuit – and has been settled law for over 20 years – that the government may proceed by proffer and that a defendant has no right to cross-examine witnesses who do not testify at a detention hearing.

### B. The Fifth and Sixth Amendments Present No Bar to Proceeding by Proffer

Before the Magistrate Judge, defendants attempted to unsettle this settled law by arguing that the Fifth and Sixth Amendments bar the use of proffers by the government at a detention hearing. Defendants' Fifth Amendment argument is easily disposed of, since the Ninth Circuit in *Winsor* rejected Winsor's argument "that due process requires a defendant in a pretrial detention hearing be afforded rights of confrontation and cross-examination." *Id.* In other words, the Ninth Circuit has long established that there is no general Fifth Amendment right to cross-examine witnesses or to bar the government from proceeding by proffer at a detention hearing. Moreover, Magistrate Judge Zimmerman found that defendants failed to present any adequate, specific-to-this-case factual basis for mandating that government witnesses testify and be cross-examined at the detention hearing in this specific case.

Defendant Bibbs' argument under the Sixth Amendment has no more merit than his argument under the Fifth. Defendant claims that under *Crawford v. Washington*, 541 U.S. 36 (2004), the Sixth Amendment's Confrontation Clause bars the use of proffers and hearsay evidence at a detention hearing. But magistrate judges of this court have repeatedly rejected this very same argument – as did Judge Zimmerman. For example, Judge Laporte and Judge Chen both held last year that there is no Sixth Amendment right to cross-examine witnesses at a detention hearing, since detention proceedings are regulatory rather than penal. *United States v. Henderson*, No. CR 05-0609 JSW (May 31, 2006) (attached to Doc. 8 as Exhibit A); *United States v. Wade*, No. CR 06-0287 MHP (July 19, 2006) (attached to Doc. 8 as Exhibit B). *See also United States v. Salerno*, 481 U.S. 739, 746 (1987) ("pretrial detention under the Bail Reform Act is regulatory, not penal"). As such, the right to confrontation does not apply. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) (Sixth Amendment's "right to confrontation is a <u>trial</u> right") (emphasis in original); *United States v. Littlesun*, 444 F.3d 1196, 1199 (9th Cir.

2006) ("*Crawford* speaks to **trial** testimony") (emphasis added). The D.C. Circuit has specifically rejected the argument that permitting the government to proceed by proffer at a detention hearing violates a defendant's "right under the Sixth Amendment to confront his accusers." *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). The Ninth Circuit's decision in *Winsor* also undercuts defendant's Sixth Amendment argument. While the *Winsor* court did not reference the Sixth Amendment directly, apparently because the defendant there failed to argue under the Sixth Amendment, the Ninth Circuit did reject Winsor's arguments that allowing the government to proceed in a detention hearing by proffer or hearsay violated his "rights of confrontation and cross-examination." *Winsor*, 785 F.2d at 756.

Finally, defendants attempt to leap over the notion that the government cannot proceed by proffer to the conclusion that the government must call all of its witnesses. That is not so, as noted in the cases above, hearsay from investigating agents is clearly admissible at detention hearings even where proffer might be deemed insufficient. Thus, defendants success on this motion would only require the government to call an agent to testify as to the underlying facts. Any other ruling would require that the entire case be tried which would be a monumental waste of judicial resources in all detention cases, and the government would have no remaining incentive to offer defendants a plea in this case.

**CONCLUSION**

For the foregoing reasons, the United States respectfully asks the Court to deny defendants' motions to amend or revoke the detention orders without any need for additional hearing. Should the Court find the underlying facts heard by the Magistrate to be insufficient, any additional facts should be heard by way of proffer.

DATED: July 16, 2007                    Respectfully submitted,

                                        SCOTT N. SCHOOLS
                                        United States Attorney


                                        _____/s/_____
                                        William Frentzen
                                        Assistant United States Attorney