SCOTT A. SUGARMAN (No. 68277)
SUGARMAN & CANNON
44 Montgomery St., Suite 2080
San Francisco, CA. 94104
Telephone: (415) 362-6252
Facsimile: (415) 677-9445

Attorneys for Defendant
    DEANDRE WATSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-0336 WHA |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DEANDRE WATSON, ) | |
| ) | |
|     Defendant. ) | |

**DEFENDANT DEANDRE WATSON'S SUPLEMENTAL MEMORANDUM
RE: ELEMENTS OF THE CRIME OF CARJACKING (18 U.S.C. § 2119)**

At the conclusion of the July 23, 2007 hearing on defendants' Motions to Revoke or Amend Detention Orders, this Court asked counsel to address the scope or definition of the term "taking" as used in the charged carjacking statute in this Circuit.

The Ninth Circuit Manual of Model Jury Instructions contains no suggested instructions for the crime of carjacking.

At the July 23rd hearing, this Court and counsel for the parties discussed *Holloway v. United States*, 526 U.S. 1 (1999). That decision was concededly focused on the scope of one element of carjacking – the requirement that the defendant act with the intent to cause death or serious bodily injury. The Supreme Court held that element is satisfied if the defendant intends to cause death or serious bodily injury to the car's owner if such force is necessary, a so-called

1  conditional intent to inflict death or serious bodily injury.  The government need not prove that the

2  defendant intended to kill or seriously injure even if the car's owner did not resist.  However, the

3  Court expressly held that such intent – a specific intent, in contrast to the general intent required

4  for robbery – must be held at the :precise moment" of taking control of the car.  Under the

5  *Holloway* holding, if a defendant developed a specific intent to cause serious injury or death after

6  he/she took control of the car, the federal crime of carjacking had not been proved.

7        The crime of carjacking requires that the car be obtained by force or intimidation.

8  Defendants argued that such force must be exercised, if any all, at the moment of taking; the

9  government contends the moment that the defendant takes control is not determinative.

10       *Holloway* is supportive of defendant's contention based on an elemental principle of

11 criminal law.  In order to convict a defendant of a commit a crime, the jury must find that the actus

12 reas and mens rea occurred concurrently – for the crime to occur, there must joint occurrence of

13 intent and action.  Hence, *Holloway* held a defendant must have the specific intent required at the

14 "precise moment" of the taking.

15

16       The carjacking statute essentially is aimed at providing a federal penalty for a
      particular type of robbery. The statute's *mens rea* component thus modifies the act
17       of "tak[ing]" the motor vehicle. It directs the factfinder's attention to the
      defendant's state of mind at the precise moment he demanded or took control over
18       the car "by force and violence or by intimidation." If the defendant has the
      proscribed state of mind at that moment, the statute's scienter element is satisfied.

19 526 U.S. at 8.  Thus, Deandre Watson contends that the government must show that force was used

20 at the moment that they allegedly took control of the empty rental car.

21       Counsel did not find any Ninth Circuit case that relied upon *Holloway* with regard to its

22 analysis or holding regarding carjacking.

23       In light of this Court's instruction to counsel, counsel notes the pre-*Holloway* decision of

24 *United States v. DeLaCoute*, 113 F.3d 154 (9th Cir. 1997).  There, the defendant forced the victim

25 as gunpoint to drive away with both the defendant and victim in the car.  DeLaCorte argued that

26 because he did not take the car away from the victim, he did not commit carjacking.   The Court

27

28

1  held that 18 U.S.C. § 2119 did not require that the defendant deprive the victim of his car – there
2  was no requirement that the victim physically relinquish the car.  113 F.3d at 156.  A defendant
3  could still take control of the car, the Court held, even if the victim remains in the car and is, in
4  fact, driving the car with the defendant inside.  In so holding, *DeLaCourte* relied on the Sixth
5  Circuit decision in *United States v. Moore*, 73 F.3d 666 (6ht Cir. 1996), which addressed a
6  factually similar situation.
7      *DeLaCourte* quoted *Moore* as explaining that "taking" for purposes of section 2119
8  required "'simply the acquisition by the robber of the possession, dominion or control of the
9  property for some period of time.'"  113 F.3d at 156.  Further, *DeLaCourte* explained that "taking"
10 for the purposes of the carjacking statute incorporates the term as used in other federal robbery
11 statutes and common law.  *DeLaCourte*, however, did not state what "taking" meant in those
12 contexts other than it included forcing the victim, as there, to drive his own car with the defendant
13 in the car.
14 
15     *DeLaCourte* may be of limited value to the question posed by this Court for two reasons.
16 First, *DeLaCourte* preceded *Holloway*, which adopted a very specific reference point for the
17 commission of carjacking, the "precise moment" that the defendant takes control of the car.
18 *DeLaCourte* has not been quoted for the analysis above since *Holloway*.  Second, robbery is a
19 general intent crime; carjacking is a specific intent crime.  See *United States v. Randolph*, 93 F.3d
20 656, 661 (9th Cir. 1996), disapproved on other grds., *Holloway*, 526 U.S. 1 [which endorsed
21 proposition that carjacking is a specific intent crime, 526 U.S. at fn. 4).
22     Counsel also brings to this Court's attention *United States v. Dinkane*, 17 F.3d 1192 (9th
23 Cir. 1994), which was also issued before *Holloway*.   That case involved a robbery, not carjacking,
24 where Dinkane was the get-a-way driver after the bank robbery.  While the Court reversed the
25 conviction for instructional error, the Court discussed whether the defendant could be retried for
26 either armed bank robbery (section 2113(d), which requires use of a deadly weapon) or unarmed
27
28

Defendant Watson's Supplemental Memorandum re: Motion to Amend Detention Order

3

bank robbery (section 2113(a)). The Court's opinion offers something for both sides in the issue before this Court.

For the government, the Court discussed whether Dinkane could be brought to trial for unarmed bank robbery. The Court concluded that crime of robbery continues through the period of "hot pursuit." "The taking continues beyond the immediate scene of the robbery, encompassing the escape." 17 F.3d at 1199. However, to conclude that the "crime" continues for that period is not the equivalent of holding that the "taking" occurred over that entire period.

For the defense, the Court explained that Dinkane could not be convicted of armed bank robbery – even if he participated in the robbery and drove the escape car from the scene – unless there was "evidence" that he "knew of and intended to aid the principal's use of a dangerous weapon to assault a person." 17 F.3d at 1197. By parity of reasoning, the government must in this Motion present some evidence, not just speculative inference, that Deandre Watson knew codefendant Bibbs had a gun and intended to use it to establish probable cause that Watson committed a carjacking with intent to cause serious bodily injury or death under section 2119 and to use a firearm under section 924(c).

It is important to remember that Justice Kennedy opined in *Motamedi* that only in "rare circumstances" should a defendant be detained pretrial. That admonition should not been seen as hollow advice; this is not such a "rare" case.

Counsel for Watson stands by the arguments in support of his release set forth in open court and in his written pleading, and requests that he be released from custody pending trial.

DATED: July 24, 2007                          Respectfully submitted,


                                              Scott A. Sugarman
                                              Attorney for Deandre Watson

Defendant Watson's Supplemental Memorandum re: Motion to Amend Detention Order

4